CORRECTED OPINION

UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 12-4384

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ALVIN JEROME WISE,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Columbia. Cameron McGowan Currie, District Judge. (3:11-cr-00791-CMC-1)

_____

Submitted: January 17, 2013      Decided: January 22, 2013

Corrected Opinion Filed: January 31, 2013

_____

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

John M. Ervin, LAW OFFICE OF JOHN M. ERVIN, III, Darlington, South Carolina, for Appellant. Julius Ness Richardson, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alvin Jerome Wise pled guilty without a plea agreement to felon in possession of firearms and ammunition, 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e) (2006), possession of an unregistered sawed-off rifle, 26 U.S.C. §§ 5861, 5845(a)(4), 5871 (2006), possession with intent to distribute cocaine base, methamphetamine, and marijuana, 21 U.S.C. § 841(a)(1), (b)(1)(D) (2006), and use and carry of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1) (2006). He received a 240-month sentence. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but raising the following issues: (1) whether the district court complied with Fed. R. Crim. P. 11 when it accepted Wise's guilty plea; and (2) whether the sentence imposed by the district court is reasonable. Although informed of his right to do so, Wise has not filed a supplemental brief. The Government declined to file a response. We affirm.

Because Wise did not move to withdraw his plea, we review his Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Here, we find no error, as the district court fully complied with Rule 11 when accepting Wise's plea. Given no indication to the contrary, we therefore find that Wise's plea was knowing and voluntary, and,

2

consequently, final and binding.  See United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

Next we review Wise's sentence for reasonableness using an abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 51 (2007).  The first step in this review requires us to ensure that the district court committed no significant procedural error.  United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008).  Procedural errors include improperly calculating the advisory Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) sentencing factors, sentencing using clearly erroneous facts, or failing to adequately explain the sentence.  Gall, 552 U.S. at 51.  Only if we find a sentence procedurally reasonable may we consider its substantive reasonableness.  United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).  In this case, the district court granted Wise's motion for a variance and sentenced him below the Guidelines range to the statutory mandatory minimum sentence of 240 months' imprisonment.  We discern no basis to conclude that Wise's below-Guidelines sentence was either procedurally or substantively unreasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Wise's convictions and sentence.  This court requires that counsel inform Wise, in writing, of the right to

3

petition the Supreme Court of the United States for further review.  If Wise requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Wise.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED